IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| LINDA CARTER, ) | |
| ) | Civil No. 2:10-cv-1408-DCN-RSC |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CUMMINS INC., D/B/A CUMMINS ) | **ORDER** |
| TURBO TECHNOLOGIES, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on United States Magistrate Judge Robert S. Carr's order to remand and order that defendant pay the actual expenses associated with the removal and remand, including attorney fees. For the reasons set forth below, the court treats the magistrate judge's order as a report and recommendation, adopting the magistrate judge's opinion in part regarding the decision to remand and rejecting the magistrate judge's decision to award expenses associated with removal and remand.

## I. BACKGROUND

On April 29, 2010, Linda Carter, a resident of South Carolina, filed an action in the Court of Common Pleas for Charleston County against Cummins, Inc., d/b/a Cummins Turbo Technologies (Cummins), a corporation organized under the laws of the state of Indiana and with its principal place of business in Indiana. On June 1, 2010, defendant removed the case to federal court. Plaintiff moved for remand on June 17, 2010. On July 15, the magistrate judge ordered the case remanded because the case did not present a federal question and the amount in controversy was less

1

than $75,000. Magistrate Judge Carr also ordered defendant to pay the actual expenses, including attorney fees, associated with removal and remand. Defendant presented objections to this court arguing that the magistrate judge: 1) "erred in finding no federal question was present where the Complaint explicitly alleges a violation of 'United States laws,'" 2) "failed to consider five of the six categories of relief plaintiff demands, and therefore erred in holding that diversity jurisdiction is absent based on the amount in controversy," and 3) lacked an adequate reason for awarding attorney fees to plaintiff. Def.'s Obj. 2, 3, 6.

Defendant argues that the first cause of action is based on federal law, giving this court subject matter jurisdiction under the federal question doctrine. The relevant portion of plaintiff's first cause of action for "Violation of Public Policy" states,

> That the unjust constructive discharge and termination of Plaintiff's employment with the Defendant was the response of the Defendant . . . to Plaintiff's refusal to allow improper and illegal practice of the business. That the aforesaid conduct of the Defendant. . . *violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature*. That the aforesaid constructive discharge of Plaintiff's employment by the Defendant . . . constitutes a violation of a clear mandate of public policy of the State of South Carolina.

Comp. ¶¶ 13-15 (emphasis added).

Defendant also alleges that plaintiff's claims are not irrevocably limited to $75,000, which would allow defendant to remove based on diversity jurisdiction. The claim for relief is set forth in six sections. The first five requests include different types of damages and relief such as actual damages; prejudgment interest; costs and attorney fees; back pay; front pay and any other work benefits; punitive damages, pain and suffering, embarrassment, humiliation, shock, and emotional

distress; "and," the sixth prayer, "for actual damages, punitive damages, legal fees, costs and any other relief this Honorable Court deems just and proper all of which is less than Seventy Four Thousand Nine Hundred Ninety Nine ($74,999) Dollars." Comp. ¶ 37. Plaintiff contends that the sixth prayer for relief is actually a summation of the prior prayers, capping damages to below the jurisdictional amount. Defendant asserts that this is a further category of relief.

## II.  STANDARD OF REVIEW

South Carolina federal district courts are split on whether a magistrate judge may order the remand of a case. Compare Long v. Lockheed Missiles & Space Co., Inc., 783 F. Supp. 249, 250 (D.S.C. 1992), with GPO Fed. Credit Union v. Fernicola, No. 08-516, 2008 WL 6571995, at *1 (D.S.C. July 11, 2008). Courts that have found magistrate judges may write an order for remand have reviewed the magistrate judge's order under the "clearly erroneous" standard designated in 28 U.S.C. § 636(b)(1)(A). See, e.g., GPO Fed. Credit Union, 2008 WL 6571995, at *1. Courts concluding that magistrate judges are not authorized to write such orders treat the order as a report and recommendation (R&R) and review de novo under § 636 (b)(1)(B)-(C). Long, 783 F. Supp. at 250; see also Vogel v. U.S. Office Prod. Co., 258 F.3d 509, 517 (6th Cir. 2001). Section 636(b)(1) permits district court judges to designate a magistrate judge to conduct hearings and determine pretrial matters, but excludes some motions. The question presented here is whether remand orders are excluded from pretrial matters on which magistrate judges may write orders. Section 636(b)(1)(A) and (B) state

> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for

3

> injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for post trial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

Section 636(b)(1)(C) explains that a district judge must review de novo any section of the magistrate judge's R&R to which a party makes a specific objection. While a motion for remand is not specifically listed as a motion for which magistrate judges lack authority to write orders under § 636(b)(1)(A), the district court in Long reasoned that a motion to remand to state court was practically equivalent to a motion to dismiss and thus, was a "dispositive motion" outside the power of a magistrate judge under § 636(b)(1)(A). 83 F. Supp. at 250.

The Fourth Circuit has yet to squarely address this issue. In Bryant v. Magnum Motor Lines, No. 94-2050, 1994 WL 681141, at *1 (4th Cir. Dec. 05, 1994), the Fourth Circuit was presented with a case in which the magistrate judge ordered remand, but the district court had already reviewed the magistrate judge's order. Thus, the Fourth Circuit did not need to determine whether the magistrate judge had authority to decide a motion to remand. Id. The court, however, cited the Long decision for the proposition that if the issue had been before the court, the magistrate judge's authority was questionable. Id. In a four sentence per curiam

opinion, a panel of the Fourth Circuit found that it could not review a magistrate judge's order of remand because its jurisdiction was barred by 28 U.S.C. § 1447(d). Pikkert v. Pastene, No. 03-1212, 2003 WL 21154296, at *1 (4th Cir. May 15, 2003). It did not, however, provide guidance to district courts on the standard of review they should conduct on such orders. Since § 636(b)(1) appears to authorize a district judge's review of all types of magistrate judge opinions, it would be curious to find that § 1447(d) would prevent district court judges from reviewing magistrate judge's order for remand. Thus, the question is still open as to the standard under which district judges in the Fourth Circuit should review magistrate judges' orders for remand.

The Second, Third, Sixth, and Tenth Circuits have each concluded that remand orders are dispositive and thus, should be reviewed de novo. Williams v. Beemiller Inc., 527 F.3d 259, 265 (2d Cir. 2008); In re U.S. Healthcare, 159 F.3d 142, 145-46 (3d Cir. 1998); Vogel, 258 F.3d at 517 (applying a "functional equivalency test to see if a particular motion has the same practical effect as a recognized dispositive motion"); First Union Mortg. Corp. v. Smith, 229 F.3d 992 (10th Cir. 2000). The First and Seventh Circuits have not yet ruled on the specific topic of motions for remand but have reasoned that other motions not listed in § 636(b)(1)(A) are "dispositive" based on the motion's practical effect and should be reviewed under a de novo standard. Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 5-6 (1st Cir. 1999) (stating, in dicta, that a magistrate judge's imposition of discovery sanctions should be considered dispositive where such sanctions "fully dispose [ ] of a claim or defense" and thus fall within the "same genre as the

enumerated motions" of § 636(b)(1)(A)); Rajaratnam v. Moyer, 47 F.3d 922, 923-24 (7th Cir. 1995) (holding that the denial of an application for attorney fees should be considered dispositive for purposes of § 636(b)(1)(A)).

This court holds that a magistrate judge's order to remand is dispositive and thus, should be treated as an R&R. This court, therefore, will review de novo any portion of the magistrate judge's report to which a specific, written objection is made. 28 U.S.C. § 636(b)(1); United States v. Browning, No. 10-7059, 2010 WL 4244544 (4th Cir. Oct. 22, 2010). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140 (1985). This court is not required to review the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. at 149-50. The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration. 28 U.S.C. § 636(b)(1).

### III.  DISCUSSION

Upon a motion for remand, the removing party bears the burden of proving subject matter jurisdiction; therefore, defendant bears the burden in this motion. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). On a motion to remand, courts are obligated to "construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated.'" Dixon v. Coburg

Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004). "If federal jurisdiction is doubtful, a remand is necessary." Id.

Plaintiff is the "master of his complaint," and may frame the complaint in such a way as to limit federal subject matter jurisdiction. Johnson v. Advance Am., 549 F.3d 932, 937 (4th Cir. 2008) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294 (1938). Consistent with these principles, the Fourth Circuit has "recognized that state law complaints usually must stay in state court when they assert what appear to be state law claims," or fall below the jurisdictional amount. Barbour v. Int'l Union, 594 F.3d 315, 327 (4th Cir. 2010) (citing Harless v. CSX Hotels, Inc., 389 F.3d 444, 450 (4th Cir. 2004)). Courts must "consider[ ] the complaint at the time of removal to determine if removal was appropriate in the first place." Merrit Blvd., Inc. v. Dep't of Permits & Dev., No. 02-2277, 2003 WL 1908916, at *1 (4th Cir. April 22, 2003).

### A. Federal Question Jurisdiction

Federal district courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The "arising under" gateway into federal court has two distinct paths. See Dixon, 369 F.3d at 816. The first path admits litigants whose causes of action are created by federal law, and the second admits those cases in which state-law claims implicate significant federal issues. Id. Cases that fall in the second category must meet two criteria: "(1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial." Id. "A plaintiff's right to relief . . . necessarily depends on a question of federal law only when *every*

7

legal theory supporting the claim requires the resolution of a federal issue." Id. (citing Mulcahey, 29 F.3d at 153) (emphasis in original); see also Christianson v. Cold Indus. Operating Corp., 486 U.S. 800, 810 (1988).

In the present case, plaintiff has alleged a violation of South Carolina public policy, i.e., a state cause of action. Thus, the first path to obtain "arising under" jurisdiction is unavailable to defendant. The second path is also unavailable to defendant because not "*every* legal theory supporting the claim requires the resolution of a federal issue." Id. Since plaintiff alleged a violation of South Carolina public policy based on the violation of federal *and* state law, every legal theory supporting the claim does not require the resolution of a federal issue. South Carolina recognizes a public policy cause of action in tort for retaliatory discharge of an at-will employee. See Ludwick v. This Minute of Carolina, 337 S.E.2d 213, 216 (S.C. 1985). Furthermore, federal issues do not appear to be "substantial." Therefore, federal subject matter jurisdiction is lacking under the "arising under" prong.

**B. Diversity of Citizenship Jurisdiction**

As a general rule, the sum claimed by a plaintiff in his complaint determines the jurisdictional amount, and a plaintiff may plead less than the jurisdictional amount to avoid federal jurisdiction. See St. Paul Mercury Indem. Co., 303 U.S. at 294 ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."); Spann v. Style Crest Prods., Inc., 171 F. Supp. 2d 605, 608-09 (D.S.C. 2001).

In the present case, defendant has claimed and plaintiff has not refuted that the damages plaintiff may be entitled to, if not capped, could exceed $74,999. Plaintiff, however, appears to have capped the amount in section six of the plea for relief. While the wording could be subject to multiple interpretations, doubts should be construed in favor of remand.[1] This court, therefore, construes plaintiff's request for relief as limiting plaintiff's damages to $74,999, making federal subject matter jurisdiction inappropriate.

## IV.   ATTORNEY FEES AND COSTS

"Absent unusual circumstances, attorney fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 139 (2005). As discussed above, plaintiff's complaint could rationally be construed to fall short of capping damages within the jurisdictional amount. Since, there was an objectively reasonable basis for removal and unusual circumstances were absent from the record, an award of attorney fees is inappropriate.

---

[1] Defendant's attorney claims that plaintiff's attorney refused to clarify that damages were limited to $74,999 prior to removal, seemingly because plaintiff's attorney "had had the issue arise in the past." Def.'s Obj. Order Remanding 7, Attach. A. Plaintiff's attorney denied this accusation and has since made numerous representations to this court that the $74,999 amount was intended. Pl.'s Mot. Remand 2-3. Plaintiff's attorney, however, failed to submit a pre-removal sworn affidavit from plaintiff and counsel "disclaiming any monetary recovery in excess of the jurisdictional amount," as this court has previously suggested, to "eliminate unseemly forum gaming." Jones v. Allstate Ins. Co., 258 F. Supp. 2d 424, 427 n.2 (D.S.C. 2003) (citing McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 494 (S.D.W. Va. 2001)). As this court pointed out in Spann, however, "a subsequent increase in the amount sought by plaintiff[] would not be a good career move for plaintiff['s] attorneys considering their anticipated future dealings with this court and would probably be barred by judicial estoppel." 171 F.Sup.2d at 610 n.5. Therefore, doubts are construed in favor of remand, and the court accepts plaintiff's disclaimers as a purposeful limitation on damages to less than the jurisdictional amount.

## V. CONCLUSION

For the foregoing reasons, this court **ADOPTS** in part and **REJECTS** in part the magistrate judge's R&R. It is hereby **ORDERS** that plaintiff's motion to remand is **GRANTED**, and plaintiff's request for attorney fees and costs is **DENIED**.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE**

**December 10, 2010
Charleston, South Carolina**